UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES KEVIN PITTS,

    Petitioner,

v.

JIM MACDONALD,

    Respondent.

Case No. C08-5386RJB-KLS

ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. This matter is before the Court on plaintiff's filing of a motion for appointment of counsel. (Dkt. #18). The Court, having reviewed petitioner's motion, hereby finds and ORDERS as follows:

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court also may appoint counsel "at any stage of the case if the interests of justice so require." Weygandt, 718 F.2d at 754. In deciding whether to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.

Petitioner has not requested that he be allowed to conduct discovery in this matter, nor does the

ORDER
Page - 1

Court find good cause for granting him leave to do so at this stage of the proceedings. See Rule Governing Section 2254 Cases in the United States District Courts 6(a). In addition, the court has not determined an evidentiary hearing will be required in this case, nor does it appear one is needed at this point. See Rule Governing Section 2254 Cases in the United States District Courts 8(c). Petitioner also has not shown there is a likelihood of success on the merits.

Petitioner states in his motion that the institution where he is currently incarcerated provides one computer and has no federal case law. This lack of access to case law, petitioner asserts, denies him his right to access the courts. First, however, this *habeas corpus* proceeding is not the correct avenue through which to assert a claim of denial of access to the courts. Rather, to the extent petitioner wishes to assert such a claim, he must file a civil rights claim in the district court that has proper jurisdiction thereof. In addition, it does not appear petitioner's rights have been violated here.

Inmates do have "a constitutional right of access to the courts." Cornett v. Donovan, 51 F.3d 894, 897 (9th Cir. 1995). That right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers" by providing them with "adequate law libraries or adequate assistance from persons trained in the law." Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)). However, because "meaningful access to the courts is the touchstone" here, to prevail on an access to courts claim, plaintiff must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Cornett, 51 F.3d at 897 (citing Bounds, 430 U.S. at 823); see also Lewis, 518 U.S. at 348 (inmate must show inadequacy of prison library or legal assistance program caused actual injury or prejudice such as inability to meet filing deadline or present claim).

Petitioner, for example, might show:

> [T]hat a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 352. Petitioner, though, was able to file his petition with this Court, albeit he did so while incarcerated at another correctional facility. Nevertheless, as evidence by his ability to present and file his current motion, petitioner continues to be able to access this Court. Accordingly, the Court finds

no cause for appointing counsel at government expense on this basis. As such, petitioner further has not shown his particular conditions of confinement are such that "the interests of justice" require appointment of counsel.

Accordingly, petitioner's motion for appointment of counsel (Dkt. #18) hereby is DENIED.

The clerk shall send a copy of this Order to petitioner and to counsel for respondent.

DATED this 18th day of November, 2008.

Karen L. Strombom
United States Magistrate Judge